# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

LOREDANA OTTOBORGO AND			Civil Action No.:
CLAUDE J. SHARPLESS,

    Plaintiff,

v.

AMERICAN FAMILY
INSURANCE GROUP,

    Defendant.

---

## COMPLAINT AND JURY DEMAND
---

**COMES NOW** LOREDANA OTTOBORGO AND CLAUDE J. SHARPLESS ("Plaintiffs"), by and through their undersigned counsel, and hereby submit this their Complaint against Defendant, AMERICAN FAMILY INSURANCE GROUP, and in support of their Complaint, allege and aver as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action seeking economic and non-economic damages arising from Defendant's breach of contract, bad faith conduct, unreasonable delay, and unreasonable denial in the payment of covered benefits due and owing under Plaintiffs' first-party insurance contract.

## PARTIES

2. Plaintiff, Loredana Ottoborgo, is a natural person and citizen of Colorado domiciled in Denver, Colorado.

3. Plaintiff, Claude J. Sharpless, is a natural person and citizen of Colorado domiciled in Denver, Colorado.

4. Upon information and belief, Defendant, American Family Insurance Group ("Defendant" or "American Family"), is an insurance company licensed with the State of Colorado with the Division of Insurance engaged in the business of issuing property and casualty insurance policies insuring commercial and other properties in the State of Colorado.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue is proper pursuant to 28 U.S.C. §§ 1332(a) and 1441. There is complete diversity among the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. The property which is the subject of the claim and the adjustment of the claim occurred in Colorado.

## FACTS COMMON TO ALL COUNTS

6. Plaintiffs are the owners of real property located at 5045 Ames Way, Denver, Colorado 80212 (the "Property").

7. Plaintiffs' roofing system is clad with Ludowici Roof Tiles.

8. Plaintiffs purchased a residential property policy of insurance from American Family under Policy Number 05DG705401 (the "Policy").

9. The Policy is an all risk policy of insurance.

10. The Policy is a replacement cost value policy and covers loss to the Property.

11. The Policy provides coverage for direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

12. The Policy does not require that the Property sustain functional damage for coverage to be afforded to direct physical loss or damage to covered property at the premises caused by or resulting from any covered cause of loss.

13. The Policy does not include a cosmetic exclusion.

14. Under the Policy, American Family agreed to adjust all losses with Plaintiffs fairly and timely.

15. Plaintiffs paid the premiums due under the Policy in a timely manner.

16. Plaintiff performed all duties and responsibilities required of them under the Policy.

17. On or about May 8, 2017, during the Policy period, Plaintiffs suffered direct physical loss and/or damage at the Property resulting from hail and/or wind.

18. The direct physical loss and/or damage resulting from the hail and/or wind constituted a covered loss under the Policy.

19. Plaintiffs timely reported the covered loss to American Family, and made a claim for the direct physical loss and damage to the Property.

20. American Family assigned Claim Number 00315101224 to the Property loss.

21. American Family assigned its adjuster, Carli Engelke, to investigate and adjust Plaintiffs claim for direct physical loss and/or damage to the Property resulting from the hail and/or wind storm occurring on or about May 8, 2017.

22. On or about June 30, 2017, American Family provided Plaintiffs with its first damage estimate which outlined $53,181.98 in replacement cost value damages. A copy of American Family's First Damage Estimate is attached hereto as **Exhibit "A."**

23. American Family's First Damage Estimate failed to provide for like kind and quality replacement of Plaintiffs' damaged Ludowici Roof Tile.

24. American Family's First Damage Estimate failed to include numerous covered damages, including, but not limited to:

      (a) Roofing damages in excess of $195,487.00
      (b) Replacement of 3,430 square feet of coarse texture stucco color coat in excess of $19,110.00
      (c) 2.00 stucco patch/small repairs

  (d)  Two ladders with jack and plank
  (e)  Replacement of stucco repair around doors, windows, ect on the first floor
  (f)  Replacement of stucco repair around doors, windows, ect on the second floor
  (g)  Replacement of silicone caulking
  (h)  Removal of 160.00 square feet of 0.50" drywall in the living room
  (i)  Replacement of 100.00 square feet of texture drywall in the living room
  (j)  524.78 square feet of plastic and tape floor protection in the living room
  (k)  Detachment and resetting of light fixture, ceiling fan, and bathroom ventilation in the living room
  (l)  Removal and replacement of 80.00 square feet of full glass greenhouse enclosure in the living room
  (m)  Sanding and staining of 200.00 square feet of exterior wood deck
  (n)  Replacement of 144.00 square feet of overlay top coat stamped concrete

25. Each of the items identified in Paragraph 22 were agreed to by American Family some ten months later in April 2018.

26. Plaintiffs are reasonably likely to retain the services of a general contractor based on the complexity and coordination required to complete the repairs outlined in American Family's First Damage Estimate.

27. Despite the complexity and coordination required to complete the repairs outlined in American Family's First Damage Estimate, American Family's First Damage Estimate improperly excludes general contractor overhead and profit.

28. American Family's failure to provide general contractor overhead and profit within its First Damage Estimate has resulted in the delay and denial of covered benefits to Plaintiffs without a reasonable basis.

29. As a result of American Family's poor investigation, Plaintiffs retained Midwestern Public Adjusting, LLC ("Midwestern"), a Colorado state licensed public adjusting firm, to assist in the adjustment of Plaintiffs' claim for direct physical loss and damage to the Property resulting from a hail and/or wind storm occurring on or about May 8, 2017.

30. On or about August 4, 2017, Plaintiffs representative, Midwestern Public Adjusting, LLC, provided American Family with Plaintiffs estimate which outlined $495,072.49 in replacement cost value covered damages. A copy of Plaintiffs Damage Estimate is attached hereto as **Exhibit "B."**

31. On or about August 2017, American Family advised Plaintiffs that their claim for direct physical loss and/or damage to the Property had been reassigned to a new adjuster, Jefferey Whaley.

32. On or about September 7, 2017, American Family representative, Jefferey Whaley, advised Plaintiffs that its August 2017 damage estimate was under management review.

33. On or about September 18, 2017, Plaintiffs' representative, Midwestern, requested that American Family provide its revised estimate.

34. On or about September 18, 2017, Plaintiffs' representative, Midwestern, advised American Family of Plaintiffs' concerns that the roofing system would begin leaking due to the unreasonable length of time taken by American Family to adjust its insureds claim.

35. On or about October 10, 2017, Plaintiffs' representative, Midwestern, for a second time, requested that American Family provide its revised estimate.

36. On or about October 23, 2017, Plaintiffs' representative, Midwestern, for a third time, requested that American Family provide its revised estimate.

37. On or about November 28, 2017, American Family provided Plaintiffs with its second damage estimate which outlined $256,151.65 in replacement cost value damages. A copy of American Family's Second Damage Estimate is attached hereto as **Exhibit "C."**

38. American Family's First Damage Estimate failed to include numerous covered damages, including, but not limited to:

    (a)    Roofing damages in excess of $21,613.00
    (b)    Replacement of 3,430 square feet of coarse texture stucco color coat in excess of $19,110.00
    (c)    2.00 stucco patch/small repairs
    (d)    Two ladders with jack and plank
    (e)    Replacement of stucco repair around doors, windows, ect on the first floor
    (f)    Replacement of stucco repair around doors, windows, ect on the second floor
    (g)    Replacement of silicone caulking
    (h)    Removal of 160.00 square feet of 0.50" drywall in the living room
    (i)    Replacement of 100.00 square feet of texture drywall in the living room
    (j)    524.78 square feet of plastic and tape floor protection in the living room
    (k)    Detachment and resetting of light fixture, ceiling fan, and bathroom ventilation in the living room
    (l)    Removal and replacement of 80.00 square feet of full glass greenhouse enclosure in the living room
    (m)    Sanding and staining of 200.00 square feet of exterior wood deck
    (n)    Replacement of 144.00 square feet of overlay top coat stamped concrete

39. Each of the items identified in Paragraph 30 were agreed to by American Family some five months later in April 2018.

40. Plaintiffs are reasonably likely to retain the services of a general contractor based on the complexity and coordination required to complete the repairs outlined in American Family's Second Damage Estimate.

41. Despite the complexity and coordination required to complete the repairs outlined in American Family's First Damage Estimate, American Family's Second Damage Estimate improperly excludes general contractor overhead and profit.

42. American Family's Second Damage Estimate included an additional $202,969.67 in covered damages that were not provided in American Family's First Damage Estimate.

43. American Family's failure to include $202,969.67 in covered damages within its First Damage Estimate that were subsequently identified in its Second Damage Estimate resulted in the delay of payment of $202,969.67 in covered benefits without a reasonable basis.

44. On or about December 2017, American Family advised Plaintiffs, for a second time, that their claim for direct physical loss and/or damage to the Property had been reassigned to a new adjuster, David Maxime.

45. On or about March 2018, American Family advised Plaintiffs, for a third time, that their claim for direct physical loss and/or damage to the Property had been reassigned to a new adjuster, Angela Carona.

46. On or about March 28, 2018, American Family provided Plaintiffs with its third damage estimate which outlined $341,428.93 in replacement cost value damages. A copy of American Family's Third Damage Estimate is attached hereto as **Exhibit "D."**

47. American Family's Third Damage Estimate provides general contractor overhead and profit for each of the required tradesmen apart from the roofing tradesmen.

48. American Family's failure to provide general contractor overhead and profit within its Third Damage Estimate for the roofing trade has resulted in the delay and denial of covered benefits to Plaintiffs without a reasonable basis.

49. American Family's Third Damage Estimate included an additional $85,277.27 in covered damages that were not provided in American Family's First or Second Damage Estimate.

50. American Family's failure to include $85,277.27 in covered damages within its First or Second Damage Estimates that were subsequently identified in its Third Damage Estimate resulted in the delay of payment of $85,277.27 in covered benefits without a reasonable basis.

51. After providing Plaintiffs with its Third Damage Estimate identifying $341,428.93 in covered damages, American Family rescinded its Third Damage Estimate on or about April 13, 2018.

52. On or about April 13, 2018, American Family provided Plaintiffs with its fourth damage estimate which outlined $313,547.71 in replacement cost value damages. A copy of American Family's Fourth Damage Estimate is attached hereto as **Exhibit "E."**

53. American Family's Fourth Damage Estimate provides general contractor overhead and profit for each of the required tradesmen apart from the roofing tradesmen.

54. American Family's failure to provide general contractor overhead and profit within its Fourth Damage Estimate for the roofing trade has resulted in the delay and denial of covered benefits to Plaintiffs without a reasonable basis.

55. American Family's Fourth Damage Estimate included an additional $57,396.06 in covered damages that were not provided in American Family's First or Second Damage Estimates.

56. American Family's failure to include $57,396.06 in covered damages within its First or Second Damage Estimates that were subsequently identified in its Fourth Damage Estimate resulted in the delay of payment of $57,396.06 in covered benefits without a reasonable basis.

57. Despite objective evidence of covered damages throughout the Property, American Family continues to deny certain damages related to Plaintiffs' claim for loss to the Property resulting from a hail and/or wind storm that occurred on or about May 8, 2017.

58. It is apparent from American Family's conduct that American Family adopted a plan or approach to delay, as much as possible, its handling and payment of Plaintiffs' claim.

59. Plaintiffs have fulfilled all duties required of them under the Policy after discovery of the loss.

60. Plaintiffs have performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, have been excused from performance by the acts, representations, and/or conduct of American Family.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

61. Plaintiffs reallege and reaffirm Paragraphs 1-60 as if fully set forth herein.

62. Plaintiffs purchased an all risk policy requiring American Family to pay for any and all fortuitous damages resulting from a loss not expressly excluded or otherwise limited by the Policy.

63. The Policy between Plaintiffs and American Family is a binding contract.

64. Plaintiffs paid premiums and otherwise performed all conditions precedent to recovery of benefits under their Policy with American Family.

65. American Family has denied certain covered damages and continues to delay and deny certain claimed damages.

66. American Family's failure to honor its obligations under the Policy is a breach of contract.

67. American Family's breach of contract has damaged, and continues to damage Plaintiffs.

68. Plaintiffs are entitled to all benefits due and owing under the Policy.

**WHEREFORE**, Plaintiffs, Loredana Ottoborgo and Claude J. Sharpless, respectfully requests this Court enter judgment against, Defendant, American Family Mutual Insurance Group, for damages resulting from its breach of contract, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Bad Faith Breach of Insurance Contract)**

69. Plaintiffs reallege and reaffirm Paragraphs 1-67 as if fully set forth herein.

70. Under the Policy and Colorado law, American Family, its representatives, and its adjusters owed Plaintiffs the duty to act in good faith and to deal with them fairly.

71. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

72. American Family sold Plaintiffs the Policy at issue, the intent of which was to provide benefits for covered losses that occurred during the Policy period.

73. American Family knew that Plaintiffs purchased the Policy to protect their Property in the event of a loss.

74. American Family owed Plaintiffs the non-delegable duty to investigate their claim objectively and to not look for ways to deny benefits or attempt to not pay the full amount owed.

75. American Family owed Plaintiffs the duty to give equal consideration to the financial interests of its insureds and not to give greater consideration to its own financial interests while investigating and adjusting its Plaintiffs' claims.

76. American Family had an obligation to conduct a thorough, fair, unbiased, and timely investigation of the claim presented to it, and then properly evaluate and timely pay those claims.

77. American Family improperly disregarded the validity of Plaintiffs' claim for direct physical loss and damage resulting from the hail and/or wind storm occurring on or about May 8, 2016.

78. American Family failed to treat Plaintiffs' interests with equal regard to its own.

79. American Family mischaracterized the evidence to the benefit of itself.

80. American Family improperly denied Plaintiffs' claim by selecting and using biased consultants.

81. American Family failed to be open and honest in its dealings with Plaintiffs.

82. American Family failed to conduct a full, fair, and prompt investigation of the claim.

83. American Family improperly denied Plaintiffs' claim by failing to objective evaluate Plaintiffs' claim based on all available evidence, and not just evidence which American Family believes supports its position.

84. American Family's claims representatives, including Jefferey Whaley, Carli Engelke, David Maxime, and Angela Carona, receive incentive-based compensation to close quickly or reduce claim payments.

85. American Family representatives, including Jefferey Whaley, Carli Engelke, David Maxime, and Angela Carona, received income-based compensation to reduce claims payments made to Plaintiff on its claim for loss or damage to covered property at the Property caused by or resulting from any covered cause of loss.

86. American Family improperly denied Plaintiffs' claim by providing financial incentives to its personnel, including Jefferey Whaley, Carli Engelke, David Maxime, and Angela Carona, to determine claims handling.

87. American Family improperly set various claims handling goals to reduce the amount paid on claims.

88. American Family improperly denied Plaintiffs' claim to meet goals set forth in its Pay for Performance Program.

89. American Family improperly denied Plaintiffs' claim to reduce overall claims payments.

90. American Family improperly denied Plaintiffs' claim to increase profits.

91. American Family improperly denied Plaintiffs' claim to maintain its loss ratio.

92. American Family improperly denied Plaintiffs' claim to meet department goals.

93. American Family's conduct demonstrates that it was repeatedly aimed at benefiting itself to the detriment of Plaintiffs.

94. American Family improperly denied Plaintiffs' claim by motivating its claims department to pay less on claims that are otherwise owed.

95. American Family improperly denied Plaintiffs' claim to reduce the average amount paid on overall claims.

96. American Family failed to resolve doubts concerning insurance coverage in favor of the policyholder.

97. American Family failed to conduct a thorough and timely investigation of Plaintiffs' claim in accordance with insurance industry claims handling standards and practices.

98. American Family knew that its decision to underpay the benefits owed to Plaintiffs was intentional and not accidental.

99. American Family knew that it owed an obligation of good faith and fair dealing to Plaintiffs, but misrepresented Policy benefits and failed to complete and full and fair investigation anyway.

100. Among other circumstances, American Family has committed unfair settlement practices including, without limitation:

  (a)  American Family has failed to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies;

  (b)  American Family has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

  (c)  American Family refuses to pay claims without conducting a reasonable investigation based upon all available information;

  (d)  American Family has failed to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

  (e)  American Family has compelled Plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions by such insureds;

  (f)  American Family has failed to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

  (g)  American Family has misrepresented terms and conditions of the Policy in an attempt to influence its Insured to settlement for less than all benefits reasonably afforded under the Policy for the subject loss and damage; and

  (h)  American Family encourages its claims representatives to engage in unfair claims settlement practices against its Insured, thereby violating applicable laws and regulations of the State of Colorado.

101. As a direct and proximate result of American Family's actions, Plaintiffs have:

  (a)  incurred increased costs to repair, restore and/or replace the significant property damage;

  (b)  suffered damages as a proximate result of the misconduct alleged; and

  (c)  suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, appraisal costs and fees, investigatory fees, and other losses.

**WHEREFORE**, Plaintiff, Loredana Ottoborgo and Claude J. Sharpless, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Group, for damages resulting from its breach of its duty of good faith and fair dealing, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(Unreasonable Delay and Denial of Payment of Covered Benefits
Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

102. Plaintiffs re-allege and reaffirm Paragraphs 1-101 as though fully set forth herein.

103. Under Colorado Revised Statute § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

104. Under Colorado Revised Statute § 10-3-1115, an insurer's delay or denial is unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

105. Plaintiffs are first-party claimants within the meaning of Colorado Revised Statute § 10-3-1115(1)(b)(1).

106. Plaintiffs suffered a loss covered by the Policy and submitted a claim for that loss to American Family.

107. The claimed loss and damage submitted by Plaintiffs was covered by the Policy and Plaintiffs were owed covered benefits under the Policy.

108. American Family unreasonably delayed payment of covered benefits without a reasonable basis for its actions.

109. American Family unreasonably denied payment of covered benefits without a reasonable basis for its actions.

110. American Family has unreasonably delayed covered benefits without a reasonable basis for doing so as alleged in the preceding paragraphs of Plaintiffs' Complaint.

111. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insureds loss.

112. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing to provide for like kind and quality materials.

113. American Family unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by improperly withholding general contract overhead and profit associated with the repair of Plaintiff's Property.

114. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing to timely respond to update requests from Plaintiffs.

115. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing unnecessarily prolonging its investigation of Plaintiffs claim.

116. American Family delayed and denied payment of covered benefits without a reasonable basis for its action by failing providing Plaintiffs with an inadequate settlement offer.

117. American Family's actions in the adjustment of Plaintiffs' claim demonstrate an unmistakable complete delay of its Insureds benefits without a reasonable basis for its actions.

118. American Family continues to unreasonably deny the payment of certain covered benefits to Plaintiffs without a reasonable basis for its actions.

119. American Family unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by misrepresenting the terms and coverage of the Policy.

120. American Family unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by failing to properly investigate its insureds loss.

121. American Family unreasonably denied and delayed payment of covered benefits without a reasonable basis for its action by forcing Plaintiffs to retain their own professions to help properly adjust the loss.

122. Despite receipt of Plaintiffs' comprehensive estimate, American Family denied and delayed payment of covered benefits without a reasonable basis for doing so.

123. American Family unreasonably delayed and denied Plaintiffs' claim to reduce overall claims payments.

124. American Family unreasonably delayed and denied Plaintiffs' claim to increase profits.

125. American Family unreasonably delayed and denied Plaintiffs' claim to maintain its loss ratio.

126. American Family unreasonably delayed and denied Plaintiffs' claim to meet department goals.

127. American Family unreasonably delayed and denied Plaintiff's claim by providing financial incentives to its personnel, including Jefferey Whaley, Carli Engelke, David Maxime, and Angela Carona, to determine claims handling.

128. American Family unreasonably delayed and denied Plaintiffs' claim by motivating its claims department to pay less on claims, such as Plaintiffs' claim for damages, than what is otherwise owed.

129. American Family unreasonably delayed and denied Plaintiffs' claim to reduce the average amount paid on overall claims.

130. American Family unreasonably delayed and denied Plaintiffs' claim by asserting coverage positions that it knew were without merit.

131. American Family's actions were intended to dissuade Plaintiffs in pursuing benefits due and owing under the terms of the policy in bad faith.

132. Based upon the foregoing Paragraphs, Plaintiffs are therefore entitled to two times the covered benefit, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

**WHEREFORE**, Plaintiff, Loredana Ottoborgo and Claude J. Sharpless, respectfully requests this Court enter judgment against Defendant, American Family Mutual Insurance Group, for damages authorized pursuant to Colorado Revised Statute § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and other such relief as the Court deems appropriate.

## REQUEST FOR JURY TRIAL

133. Plaintiffs request trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 2nd day of May, 2018

/s/ Jonathan E. Bukowski
Jonathan E. Bukowski, Esq.
Larry E. Bache, Jr., Esq.
Merlin Law Group, PA
1001 17th Street, Ste. 1150
Denver, CO 80202
Telephone:  720-665-9680
Facsimile:   720-665-9681
E-Mail: lbache@merlinlawgroup.com
E-Mail: jbukowski@merlinlawgroup.com